## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1176 | **DATE** | 3/5/2008 |
| **CASE TITLE** | U.S. ex rel. Walter Carlos-El (#2007-0082858) v. People of the State of Illinois | | |

**DOCKET ENTRY TEXT:**

Petitioner, Walter Steven Carlos-El, currently incarcerated at Cook County Jail, has filed a petition for habeas corpus relief. However, Petitioner is not entitled to federal habeas relief at this time, and the Court dismisses the petition without prejudice. *See* Rule 4, Rules Governing § 2254 Cases. Petitioner's motion to proceed *in forma pauperis* [3] is denied. This case is terminated.

■ **[For further details see text below.]**                                    Docketing to mail notices.

---

## STATEMENT

Petitioner, Walter Steven Carlos-El (#2007-0082858), currently incarcerated at Cook County Jail, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts several challenges to his pending state criminal proceedings, and he argues that his arrest and search were conducted without a warrant or probable cause, that he was improperly indicted for burglary, that he is unable to call witnesses at trial, and that he was improperly administered medication for a mental condition in order to make him fit for trial.

Federal courts do not interfere with pending state criminal proceedings except in special circumstances, and only after the petitioner has exhausted state court remedies. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Special circumstances are generally limited to issues of double jeopardy and speedy trial. *See Braden*, 410 U.S. 484, 488-90 (speedy trial claim); *Blanck v. Waukesha County*, 48 F. Supp.2d 859, 860 (E.D. Wisc. 1999) (discussing double jeopardy claims); *see also Williams v. Bush*, 2007 WL 3197202, *1 (E.D. Mo. Oct 26, 2007).

The current petition does not present special circumstances. Petitioner's current habeas challenges, which would be moot if the criminal proceedings end in his favor, present claims that may be raised in this Court only after Petitioner has been convicted and has exhausted state court remedies. Petitioner's claims do not warrant this Court interfering with an ongoing state criminal proceeding. Accordingly, the Court dismisses Petitioner's current petition for federal habeas relief.

| | isk |
|---|---|