Page (1) of (2)

HHN

FILED
MAR 28 2008
3-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
RC
3/24/08

In The United States District Court for the Northern District of Illinois Eastern Division

Walter Steven-Carlos-El
vs
Sheriff Tom Dart

08 C 1176
Amy St. Eve

Motion To Alter or Reconsiderate pursuant to Federal Rule of Civil Procedure, Rule 59(e)

Now comes Walter Steven Carlos-El & states that he's aggrieved with the answer of the Honorable in the case 08 C 1176.

Statement of Case

The Petitioner filed a Writ of Habeas Corpus in pursuant to 28 U.S.C. §2241 the Petitioner, petition was filed and was given the case No: 08 C 1176. The Petitioner argument were of constitutional mandate, which show the "State Court" (Cook County Criminal Division), was holding the petitioner Illegally on a criminal charge that the court lack jurisdiction over the subject matter & the person.

SEE: White vs Lambert states in the language, the plain text of the two statutes 28 U.S.C. §§ 2241 and 28 U.S.C. §§ 2254 both appear to apply to White's petition. Section §§ 2241 confers jurisdiction on a district court to issue a Writ of Habeas Corpus when a federal or state prisoner establishes that he is in custody in violation of the Constitution or Laws or Treaties of the United States."

The Petitioner argues 28 U.S.C. §§ 2241(a) and (c)(1), the relevant sub-section of 28 U.S.C. §§ 2254 confers jurisdiction on a district court to issue "a Writ of Habeas Corpus in behalf of a person in custody pursuant to the judgment of state court... on the ground that he is in custody in violation of the Constitution or Laws or Treaties of the United States" 28 U.S.C. §§ 2254(a) (emphasis added)

Although the text of either statute would appear to confer jurisdiction, a proper understanding of the interaction between 28 U.S.C. §§ 2241 and 28 U.S.C. §§ 2254 leads us to the conclusion that they apply in different situations. Section §§ 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in §§ 2241, as long as the person is in

custody pursuant to the Judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, other forms of custody that are possible without a conviction?' WALKER, 216 F.3d at 633 (emphasis is original); See: also Eric Johnson, An Analysis of the Antiterrorism and Effective Death penalty Act in Relation to state Administrative orders: the state court Judgement as the Genesis of custody, 29 New Eng J. on Crim & Civ. Confinement 153, 168 (2003) ("In contrast to section 2255, section 2254 does not create an alternative to the Hebeas corpus remedy provided in section 2241, rather it imposes limitations on this Remedy.")

## Argument II.

The Petitioner states; The Understanding of the interaction between the two statutes is bolstered by the relevant Legislative history. When §2254 was enacted in 1948, it "merely codified the Requirement of exhaustion of state Remedies." Johnson, supra, at 168 Congress' Amendments to §2254 in 1966 and in the 1966 Anti-Terrorism and Effective Death penalty Act ("AEDPA) See, Article 1, section 9, clause 2, Merely imposed additional requirements on state prisoners seeking Habeas corpus relief who were in custody

pursuant to a state court judgment. Id. As a Senate report on a Bill proposing new Amendments to §2254 in 1966 stated, the bill "revises the procedure applicable to review by lower federal courts of petitions for Hebeas corpus by prisoners who have been convicted and who are in custody pursuant to the judgment of a state court." S. Rep 89-1797, at 3663 (1966), reprinted in 1966 U.S.C.C.A.N. 3663, 3663 (emphasis Added).

## Argument III

The Petitioner states," By contrast, the general grant of Hebeas corpus Authority in §2241 is Available for challenges by state prisoner who is not in custody pursuant to a state court judgment — For example, a defendant in pre-Trial detention or awaiting extradition. In these situations, not covered by the Limitations in §2254, the general grant of Hebeas Authority provided by the Constitution (Article 1 Section 9, clause 2.) and §2241 will provide Jurisdiction for state prisoners' habeas claims. See. e. g. McNeely vs Blanas, 336 F.3d 822 (9th cir. 2003)," (allowing a pre-Trial detainee to proceed under §2241)

## ARGUMENT IV

The PETITIONER states his understanding of the interaction between 28 U.S.C. §§2241 and 28 U.S.C. §§2254 finds support in the Supreme Court's decision in Felker vs Turpin 518 U.S. 661 (1996). See Walker, 216 F.3 at 633; Crouch, 251 F.3d at 723. Felker recognized that a court's "Authority to grant habeas relief to states prisoners is limited by §2254, which specifies the conditions under which relief may be granted to 'a person in custody pursuant to the judgment of a state court.' 518 U.S. at 662 (internal citation omitted). As the SEVENTH circuit noted in Walker, extrapolating from the Court's holding in Felker, it is only when §2254 does not apply to a state prisoner (because he is not in custody pursuant to a state court judgment.) That he can resort to the constitution, Article 1 Section 9 clause 2 and §2241 to the extent it is different than the Great Writ protected by the constitution). 216 F.3d at 633. The petitioner states the federal forum has been given authority to grant relief to pre-trial detainee's in the custody without a state court judgment; see 28 U.S.C. §2241, 106 F.3d 1287 (4th cir 1997) (per curiam). The petitioner invoked the Jurisdiction 28 U.S.C. 2241 & the statutes grant relief in state court pre-trial detainee's cases.

## Conclusion

The petitioner states the court are using the comity doctrine & in 28 U.S.C. §§ 2241 doesn't have an exhaust of state remedy; WALKER VS O'BRIEN, 216 F.3d 626, 632-33 (7th cir. 2000) cert denied, 531 U.S. 1029 (2000); CROUCH VS NORRIS, 251 F.3d 720, 722-23 (8th cir 2001); COOK VS NEW YORK STATE DIV of parole, 321 F.3d 274, 277, -79 (2d cir 2003); JAMES VS WALSH, 308 F.3d 162, 166-67 (2d cir 2002). The petitioner state he offered to show proof & did address the court with exhibits to show the court that the state forum has violated federal constitutional rights of the petitioner, damages are irreparable & their no remedies that the state forum can offer to the petitioner, but federal relief under §§ 2241.

## Relief Sought

The petitioner seeks the right of the federal forum to grant the relief pursuant to 28 U.S.C. §§ 2241 in accordance to Constitution Article 1. Section 9 clause 2, 216 F.3d at 633, & any other relief that's want pursuant to the Motion to Reconsider.....

Respectfully submitted
WALTER STEVEN Carllos-El
In full Life U.C.C. 1-103 U.C.C 1-107