# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1176 | **DATE** | 4/24/2008 |
| **CASE TITLE** | Carlos-El vs. Devine, et al | | |

**DOCKET ENTRY TEXT**

Petitioner's motion for reconsideration of the Court's 3/5/08 order [7] is denied.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

     Petitioner, Walter Steven Carlos-El (#2007-0082858), currently incarcerated at Cook County Jail, has filed a motion to reconsider the Court's March 5, 2008 order dismissing his petition for habeas relief. Petitioner filed his motion at the earliest on March 24, 2008, which is more than ten days following the entry of the judgment on the docket. Accordingly, the motion is construed as one under Fed. R. Civ. P. 60(b), as opposed to Rule 59(e). Regardless which section applies, Petitioner has not made the requisite showing for relief.

     Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *See Karraker v. Rent -A-Center*, 411 F.3d 831, 837 (7th Cir. 2005). Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or " any other reason justifying relief from the operation of the judgment." Rule 60(b). A court may grant a Rule 59(e) motion only if the movant presents newly discovered evidence that was not previously available or if he "points to evidence in the record that clearly establishes a manifest error of law or fact." *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *King v. Cooke*, 26 F.3d 721, 726 (7th Cir. 1994).

     Although Petitioner argues that this Court has jurisdiction over his 28 U.S.C. § 2241 petition, the Court dismissed the petition based upon: the Court's refusal to interfere with a pending state criminal proceeding; the fact that Petitioner had not shown a special circumstance warranting review of his habeas petition while his state proceedings are pending; and the fact that Petitioner has not exhausted his state remedies before bringing the instant petition in this Court. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Even though § 2241 does not have an exhaustion provision, courts generally require exhaustion of state remedies before addressing a federal habeas challenge to a pending state criminal proceeding. *See Neville*, 611 F.2d at 675. Petitioner has not shown error with the March 5, 2008 dismissal of his § 2241 petition on

**STATEMENT**

these grounds.  Accordingly, his motion for reconsideration is denied.