**CERTIFIED COPY**

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted July 22, 2008
Decided August 14, 2008

Before

**FILED**

KENNETH F. RIPPLE, *Circuit Judge*

SEP 0 5 2008  YM
Sep 5, 2008

DANIEL A. MANION, *Circuit Judge*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MICHAEL S. KANNE, *Circuit Judge*

Nos. 08-2132 & 08-2224

| | |
|---|---|
| WALTER CARLOS-EL, *Petitioner-Appellant*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 08 C 1176 |
| PEOPLE OF THE STATE OF ILLINOIS, et al., *Respondents-Appellees*. | Amy J. St. Eve, Judge. |

**ORDER**

Walter Carlos-El, an Illinois pretrial detainee at Cook County Jail, has filed a petition under 28 U.S.C. § 2241, challenging his pending criminal proceedings. We dismiss appeal number 08-2132 for lack of jurisdiction. In appeal number 08-2224, we affirm.

Carlos-El has been charged with residential burglary and possession of burglary tools. He claims that the search leading to his arrest was illegal, that he will be unable to call certain witnesses at trial, and that he was improperly administered medication in order to render him fit to stand trial. The district court dismissed Carlos-El's petition without prejudice, citing abstention principles. He then filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b), asserting that federal courts have jurisdiction over § 2241 petitions filed by pretrial detainees. The district court denied the motion.

Nos. 08-2132 & 08-2224                                                                 Page 2

Carlos-El's notice of appeal from the underlying judgment is untimely: the district court dismissed his petition on March 5, 2006 and he filed his notice of appeal on April 20, 2006, more than 30 days later. *See* Fed. R. App. P. 4(a)(1)(A). Thus, appeal number 08-2132 must be dismissed for lack of jurisdiction.

Carlos-El's appeal from the denial of his Rule 60(b) motion is timely, but the district court correctly dismissed Carlos-El's petition under abstention principles. Federal courts should not interfere with pending state criminal proceedings like Carlos-El's except in very limited circumstances—usually just where a pretrial detainee has raised a double-jeopardy or speedy-trial claim. *See Younger v. Harris*, 401 U.S. 37 (1971); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973). Carlos-El, in neither his petition nor his Rule 60(b) motion, demonstrated the presence of any such special circumstances that would warrant involvement by a federal court at this stage in the proceedings.

Accordingly, the judgment in appeal number 08-2224 is AFFIRMED. Appeal number 08-2132 is DISMISSED.