# CERTIFIED COPY

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2008
Decided August 14, 2008
Amended August 21, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

Nos. 08-2132 & 08-2224

| | |
|---|---|
| WALTER CARLOS-EL,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>PEOPLE OF THE STATE OF ILLINOIS,<br>et al.,<br>    *Respondents-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 08 C 1176<br><br>Amy J. St. Eve,<br>Judge. |

**FILED**

SEP 0 5 2008  YM
Sep 5. 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

**AMENDED ORDER**

The order of August 14, 2008, is amended as follows. Walter Carlos-El, an Illinois pretrial detainee at Cook County Jail, appeals from the dismissal of his petition under 28 U.S.C. § 2241, challenging his pending criminal proceedings. We affirm.

Carlos-El has been charged with residential burglary and possession of burglary tools. He claims that the search leading to his arrest was illegal, that he will be unable to call certain witnesses at trial, and that he was improperly administered medication in order to render him fit to stand trial. The district court dismissed Carlos-El's petition without

prejudice, citing abstention principles. He then filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b), asserting that federal courts have jurisdiction over § 2241 petitions filed by pretrial detainees. The district court denied the motion.

The district court correctly dismissed Carlos-El's petition under abstention principles. Federal courts should not interfere with pending state criminal proceedings like Carlos-El's except in very limited circumstances—usually just where a pretrial detainee has raised a double-jeopardy or speedy-trial claim. *See Younger v. Harris*, 401 U.S. 37 (1971); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973). Carlos-El, in neither his petition nor his Rule 60(b) motion, demonstrated the presence of any such special circumstances that would warrant involvement by a federal court at this stage in the proceedings.

Accordingly, the judgment is **AFFIRMED**.